

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-22-00090-CV**

**IN RE STACY CARROLL EISENBISE,**
**EXECUTRIX OF THE ESTATE OF**
**MELISSA G. WOEHLEKE, DECEASED**

**Original Proceeding**

**From the 82nd District Court**
**Falls County, Texas**
**Trial Court No. CV-41192**

**CONCURRING OPINION**

This is a discovery dispute over the alleged failure to timely produce "initial disclosures." Based on their arguments in this proceeding, the parties have a substantial disagreement about the scope and meaning of the trial court's discovery order. Their arguments, on both sides of the issue, seem to stretch the order to a breaking point for their respective positions. I reject both of their arguments and go with the trial court and the literal terms of the order and the production that it requires. Because the trial court's discovery order does not order the production of anything beyond the scope of what the

rules require for initial disclosures, but merely sets a deadline for the production of a limited category of information otherwise required to be produced as part of the initial disclosure, I join the Court's denial of the petition for a writ of mandamus.

Mother and Son are fighting over Grandmother's estate. Son moved to compel Mother to comply with her initial disclosure requirements. In particular, Son relies upon Texas Rule of Civil Procedure 194.2(b)(6) to require Mother, in her capacity as executor, to make disclosure of "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the responding party has in its possession, custody, or control, and may use to support its claims or defenses, unless the use would be solely for impeachment." However, in his arguments, Son pushed the envelope and attempted to obtain, not just the things that Mother "may use to support [her] claims or defenses" but sought other documents that is or may be relevant to the proceeding. In essence, without making a discovery request, Son wants Mother to be required to produce all of Grandmother's information/documents that Mother has access to in her capacity as Executor of Grandmother's estate. The trial court rightly did not go that far.

The trial court ordered Mother, in her capacity as executor "to produce the following in her possession, custody, or control within ten (10) days from the signed date of this Order pursuant to Texas Rule of Civil Procedure 194.2:

1. The medical records of [Grandmother], including the documents, and electronic information; and
2. The documents and electronic information obtained by [Mother] from the [Grandmother's] laptop(s) and cellular telephone(s)."

The two categories are somewhat vague. And I concede that I do not fully understand the scope of the two categories. Nevertheless, the production ordered is circumscribed by the reference to Texas Rule of Civil Procedure 194.2, and thus limited to the documents/information that Mother "may use to support her claims or defenses." Therefore, because the trial court's order does not require production of anything beyond the initial disclosures required by Texas Rule of Civil Procedure 194.2, and merely sets a time period by which those items must be produced, I respectfully concur in the Court's denial of the petition for writ of mandamus.[1]

TOM GRAY
Chief Justice

Concurring opinion delivered and filed June 8, 2022



---

[1] The consequences of the failure to timely produce the specific information is not before us in this mandamus proceeding.